## Dutton v. Kneebs.

Sale: RETENTION OF PROPERTY UNDER LIEN: EVIDENCE. In an action to replevy certain trotting horses which defendant had sold to one W., and W. had sold to plaintiff, defendant answered that his sale was under an agreement that he was to retain possession of the property and have a lien thereon for a balance of the purchase price, which had never been paid, and that he retained possession accordingly; also that W. agreed with defendant that if he would pay charges for keeping, transporting and entering said horses in races, and a sum necessary to release them from an attachment, he should have a lien on them for the amount so expended, and that he had thus paid out a named sum. *Held*—

(1) That W. was properly permitted to testify as to the terms of his sale to plaintiff.

(2) That defendant was properly permitted to testify as to the amounts paid by him for keeping the horses, etc.

(3) That a letter written by W. to defendant, and declarations made by W., concerning his purchase from defendant, were properly admitted in evidence, though he was not a party to the suit, as both parties claimed under him.

(4) That, as the evidence on the material points was conflicting, this court cannot say that the findings of the trial court are not sustained by the evidence.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, MAY 24, 1890.

ACTION to recover possession of two trotting horses, known as "Elmwood Chief" and "Edgewood," and certain harness and blankets. The defendant was the owner of the property in question, and sold the same to one George F. Wilson, who thereafter contracted the sale thereof to the plaintiff. The defendant claims that his sale to Wilson was under an agreement that he should retain possession of the property and have a lien thereon for the purchase price until paid; that he

did in person, or through his agent, retain possession of said property; and that there was a balance of $848.77 of the purchase price due and unpaid at the commencement of this suit. Defendant also claims that one C. E. Abbott, being fully authorized by the said Wilson so to do, agreed with defendant that if he would pay charges for keeping, transporting and entering said horses in races, and $155.20 necessary to release them from an attachment against them, he should have a lien upon said property for the amount. That in pursuance of said agreement he paid $445.10, including said $155.20, all of which was due and unpaid at the commencement of this suit. The case was submitted to the court, and judgment entered in favor of the defendant, finding the value of his interest in the property to be $1,295.50, from which plaintiff appeals.

*Lutz & Sears*, for appellant.

*S. M. Marsh* and *C. L. Wright*, for appellee.

GIVEN, J.—After the testimony was all introduced, defendant was permitted, over plaintiff's objection, to amend his answer by inserting the words "said George F. Wilson." It is not clear to us where this insertion was allowed to be made. If where appellant contends, it would not materially affect the issues. It was within the discretion of the court to allow the amendment, and we see no abuse of that discretion.

Notwithstanding the amendment to the answer, we understand the defendant's claim to be that his sale to Wilson was through Abbott, as Wilson's agent, and that Abbott had authority to and did contract as alleged. The principal contention was as to the authority of Abbott from Wilson, as to what agreements were made, and whether the defendant did continue in possession of the property.

On the trial certain objections by appellant to testimony were overruled, of which he complains. Wilson was permitted to testify as to the terms of his sale to

plaintiff. We see no error in this, as plaintiff's right to possession rested upon this sale.

There was no error in permitting defendant to testify to the amounts paid by him for keeping the horses, etc., as such items were proper to be considered if the alleged agreement with respect thereto was sustained.

The plaintiffs also objected to the introduction of a letter written by Wilson to the defendant, and to declarations made by Wilson concerning his purchase from the defendant. While it is true Wilson is not a party to this suit, yet, as both parties are claiming under him, this testimony was admissible.

There is much conflict in the testimony as to each material point in issue. It is especially conflicting as to Abbott's authority from Wilson, as to the agreements with the defendant, and as to whether the defendant retained possession of the property. It is unnecessary that we here discuss this testimony. It is sufficient to say that the findings of the district court are fairly sustained by it, and, as those findings have the force and effect of a verdict, the judgment should not be disturbed on the grounds that it is not supported by the evidence. We find no error in the record, and the judgment of the district court is, therefore, AFFIRMED.